**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 7:15CR00026** |
| | ) | **(CASE NO. 7:20CV81405)** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **TREMAYNE KIRBY,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

Tremayne Kirby, a federal inmate proceeding pro se, filed a pleading alleging that his criminal sentence in this case was adversely affected by a misinterpretation of § 2G1.1 of the United States Sentencing Guidelines. Because Kirby appeared to be challenging the validity of his current criminal sentence, the court construed and docketed his submission as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Because Kirby has not responded to the conditional filing order entered in this case, the court now dismisses the § 2255 action without prejudice.

A district court must offer the defendant an opportunity to elect whether or not he has objections to the court's stated intention to address his post-conviction motion as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). In making this decision, the defendant should consider, in particular, § 2255(f) (setting time limit for defendant to file a § 2255 motion) and § 2255(h) (limiting defendant's ability to file second or successive § 2255).

In this case, the court entered an order that notified Kirby that his pleading had been construed as a § 2255 motion, advised him of the statute of limitations and the successive petition provisions of that statute, and gave him two options (1) to submit his written objections to the court's construction of his submission as a § 2255 motion or to file a motion to withdraw

the § 2255 motion; or (2) to elect to proceed under § 2255 *by filing a properly executed § 2255 motion*. The court also advised Kirby that if he failed to respond to the order, either by objecting or by submitting a properly signed § 2255 motion, the conditionally filed § 2255 motion would be dismissed without prejudice.

The response time has elapsed, and Kirby has had no further communication with the court. Because he has neither objected to, nor adopted, the conditional construction of his submission as a § 2255 motion, Kirby's § 2255 motion will be dismissed without prejudice. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and to counsel of record for the United States.

ENTER: This __8th__ day of April, 2020.

/s/ Jay Conrad
Senior United States District Judge